### STARK v. NORTHWESTERN NAT. LIFE INS. CO.

(Circuit Court, D. Minnesota, Fourth Division. February 20, 1909.)

INSURANCE (§ 678*)—REINSURANCE—RIGHTS OF POLICY HOLDERS REINSURED.
A contract of reinsurance between two life insurance companies was expressly conditioned to be subject to the articles of incorporation and by-laws of the reinsuring company, as they then existed or might thereafter be amended. Thereafter the reinsuring company duly enacted a by-law reducing the benefits to be paid on a certain class of policies to the amount of insurance actually paid for according to standard tables, and at once notified all policy holders affected by this by-law of its enactment and effect. *Held*, that a policy holder of the reinsured company, who accepted the reinsurance and after notice of the by-law continued to make premium payments to the reinsuring company without dissent, was bound by this by-law, and the benefits recoverable under her contract were limited to the amount fixed by the by-law.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 678.*]

(Syllabus by the Court.)

### At Law.

This is an action instituted by L. J. Stark (as assignee of beneficiaries in a life insurance policy) against the defendant to recover on a policy of insurance issued in April, 1901, by the Northwestern National Life Insurance Company, of Madison, Wis. The Wisconsin company was then organized and existing under chapter 270, p. 460, Laws Wis. 1899, and the policy was issued expressly subject to the provisions of that law. In June, 1901, the defendant company was reincorporated under the provisions of chapter 178, p. 233, of the Laws of Minnesota of 1901, to do business on the stipulated premium plan, with power to reinsure the members and risks of other companies, and by its articles of incorporation its board of directors was authorized to assume and reinsure the risks and members of other companies and to "make and amend such by-laws as they may deem necessary and adopt rules for its own government." By the terms of the by-laws of defendant which were in force prior to August, 1901, and continuously thereafter, it was provided that the defendant had power "to adjust or readjust rates of assessment or premiums of insured members, paying a net rate of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

less than the rate indicated by the table of rates for a policy of the same kind or class, based upon the American Experience Tables of Mortality and 4 per cent. interest, at any age or time, so that each member shall be required to pay, and shall pay, his equitable share of death claims, expenses, and other liabilities," and, further, "to fix the amount and rate of premiums upon contracts hereafter issued or heretofore issued or assumed by the company, and especially to make such amendments to the by-laws as may be needed to enable the company to carry out contracts heretofore issued or assumed by it." The by-law further provided that all policies and certificates issued or assumed by defendant should be construed and governed only by the laws of the state of Minnesota. Chapter 178, p. 233, Laws of Minnesota for 1901, under which defendant operated, required a valuation of its policies upon the basis of the reserve required by the American Experience Tables of Mortality and 4 per cent. interest, or Combined Experience Tables and same rate of interest, and required defendant to have and maintain the standard of solvency provided and required by those tables.

On August 29, 1901, an agreement was entered into between the Wisconsin company and the defendant, by the terms of which it was agreed that defendant should reinsure the members of the Wisconsin company upon the terms and conditions provided in such agreement; defendant being designated in the agreement as "first party" and the Wisconsin company "second party." This agreement contained the following clause: "Now, therefore, the party of the first part, for a good and valuable consideration by it received, and in consideration of the execution hereof by the party of the second part, and the fulfillment by the party of the second part of the terms and conditions herein provided, and upon the terms and conditions herein provided, and not otherwise, doth hereby agree to receive, and doth hereby receive, into its membership as of this date all the living members, policy holders, and certificate holders of the party of the second part, who upon this date are, and by the books of the party of the second part appear to be, members thereof in good standing, * * * and doth hereby assume each and every of the present certificates and policies of the party of the second part issued by it, * * * subject, however, in each case, to the terms and conditions of the particular contract of each member, and upon the terms, conditions, stipulations, and agreements herein contained, and not otherwise; * * * and the assuming of each policy or certificate by the party of the first part is expressly subject to the provisions of the articles of incorporation and the by-laws of the party of the first part as the same now exist, or as they may hereafter be amended, and also subject to the laws of the state of Minnesota as they now exist or as may hereafter be amended, all whereof constitute and form a part of each certificate and policy hereby assumed."

On September 2, 1901, defendant company issued a circular letter advising the members of the Wisconsin company of the agreement for reinsurance. That letter contained the following statement: "Under the provisions of this contract the Northwestern National Life Insurance Company of Minneapolis, Minn., assumes your policy or certificate of insurance, subject to its terms and provisions in all respects, thereby constituting you a member of this company, subject to its articles of incorporation, by-laws, and the laws of the state of Minnesota." On September 3, 1901, defendant sent to the insured under the policy here in suit the following certificate: "This is to certify that the Northwestern National Life Insurance Company of Minneapolis, Minn., did, upon the 29th day of August, 1901, by a contract of consolidation or reinsurance, receive into its membership as members, and did reinsure, all living members of the Northwestern National Life Insurance Company of Madison, Wis., who upon said date appeared upon the books of said last-named company to be, and who actually were, members in good standing thereof and therein, including policy No. H4295 on the life of Mary R. Stark, Johnson's Creek, Wis., subject to their several policies or certificates issued by said company, of Madison, Wis., and to the terms and conditions of said contract of reinsurance, it being expressly stipulated that all of said contracts are to be construed as contracts of the state of Minnesota, and in accordance with the laws of said state, and are assumed subject to the by-laws and articles of incorporation of the reinsuring company as they now or hereafter

exist, and to the laws of the state of Minnesota, and especially to chapter 178 of the Laws of 1901."

At the time of reinsurance with the defendant, the insured was paying bimonthly on her "H" policy, issued by the Wisconsin company, $12.30, which payment was continued up to the death of the insured. On November 13, 1902, the defendant passed a by-law by the terms of which it was provided, in substance, that each policy issued by the Northwestern National Life Insurance Company of Madison, Wis., and designated by said company as an "H" policy, which provided for annual renewable term insurance, requiring payment of an annual, semiannual, quarterly, or bimonthly premium of a less amount than was required by the Combined Experience Tables of Mortality with 4 per cent. interest for annual renewable term insurance was re-rated and required to pay a larger premium than specified in the policy, and provided specifically the amounts at attained age rate which should be paid on January 1, 1903, and each year thereafter. The by-law further provided that the insured would be allowed to make payments according to the terms of his policy, but that in such case his policy would be proportionately commuted and his insurance proportionately decreased, and that any policy upon which premium payments were not made as required thereby should become null and void, and all payments made thereon forfeited to the defendant; that the adoption of the by-law was for the purpose of perfecting an equitable adjustment of premium payments among the policy holders, and to enable the company to preserve and maintain its standard of solvency and to fully meet its reserve and liability under the law. A table of rates made applicable to each policy was set out in the by-law, and provision made therein for the giving of notice to each policy holder affected by the by-law.

On January 1, 1903, a printed copy of this by-law was mailed to the deceased and all others of the policy holders carrying this class of policies. Again, on February 4, 1903, defendant wrote to deceased, explaining in detail the operation and application of the by-law to all policies affected by it. These letters gave full explanation of the effect of the by-law, and called attention to the laws of Wisconsin and Minnesota respecting the matter, and the duty of defendant to maintain its reserve, and the necessity of passing the by-law in order to do the same, and further explained that the insured had the privilege of paying the rate specified in his policy and having the same scaled down, or the larger rate specified in the notice and by-law. Full explanation was made as to the effect of each payment. Again, in June, 1905, defendant wrote to deceased a personal letter, advising her in detail as to the application of the by-law to her policy, and the amount of insurance for which she was actually paying, and the amount which would be paid in case of her death. The insured received these communications, and made no objection, and continued to pay the premiums specified in her "H" policy with the Wisconsin company up to the time of her death in April, 1907. The payments required by the by-law of November, 1902, conformed to the payments fixed by standard tables plus a reasonable expense loading.

Plaintiff sued to recover $2,500, the face of the certificate. Defendant, resting upon the provisions in the certificate of reinsurance and the amended by-law and the acceptance thereof by the deceased, admitted a liability to plaintiff of only $1,005.13. The facts were undisputed. At the close of the evidence plaintiff moved for a directed verdict of $2,500. Defendant conceded a liability for, and that plaintiff was entitled to a verdict for $1,005.13, that being such a proportionate part of the face of the policy as the premium paid by the deceased in 1907 bore to the premium required by the by-law aforementioned to be paid during that year at attained age rate.

Grant Van Sant and George C. Rogers, for plaintiff.
John T. Baxter and William A. Kerr, for defendant.

PURDY, District Judge (charging the jury, the facts being as above stated). When you were chosen as jurors in this case you and each of you took an oath to try the case according to the evidence and the law as it should be given to you by the court. In the trial of jury

167 F.—13

cases it is the province of the jury to pass upon all questions of fact, while it is the duty of the court to pass upon all questions of law which may arise during the progress of the trial. Now it not infrequently happens that the evidence produced by the respective parties to an action at law presents no disputed question of fact for the jury to pass upon. In such a case it becomes the duty of the court to withdraw the case from the consideration of the jury, and to direct a verdict for either the plaintiff or the defendant, according as the law of the case may be with one or the other of the parties to the suit. Now, gentlemen of the jury, the court has with you heard the evidence, and has reached the conclusion that there exists no substantial dispute as to the facts in this case, and that a verdict must be directed in favor of the plaintiff, though not for the full amount which he seeks to recover. The court assumes the full responsibility for its action in withdrawing this case from your consideration, and, if the court is in error in its conclusion respecting the character of the evidence submitted, either party feeling aggrieved thereby is at liberty to have such error corrected by the Circuit Court of Appeals upon a writ of error prosecuted to that court. In my judgment, this case is ruled by the principles of law enunciated in the case of Northwestern National Life Insurance Company v. Gray, 161 Fed. 448, 88 C. C. A. 430, and other similar cases which have been cited by counsel for defendant. The plaintiff, as a matter of law, is bound by the terms of the contract of reinsurance upon which he brings this action, as well as by the terms and conditions of the by-laws of the defendant company passed on the 13th of November, 1902.

You are accordingly directed to return a verdict in favor of the plaintiff and against the defendant for the amount which the defendant concedes to be due and owing to the plaintiff under the contract of reinsurance, namely, $1,005.13.