FRESE, Appellant, v. NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Respondent.

(180 N. W. 957.)

(File No. 4753.   Opinion filed January 15, 1921.   Rehearing denied March 25, 1921.)

**Insurance—Life Insurance, Measure of Recovery, Answer Alleging Premiums Paid Proportionate To Whole Life Premiums As Basis—Defense Approved.**

Where, in a suit upon a life insurance policy, defendant Company plead the terms of the policy providing that in consideration of the payment of a specified quarterly premium the Company promised to pay beneficiary a specified sum, provided such premiums were equal to premium payments fixed in table of whole life premiums endorsed on the policy, at the age attained by insured on date of contract, otherwise such a proportionate part of said sum as premiums paid bear to premiums indicated by said table, that insured had attained the age of 54 years at date of policy and that said table provided that for each $1,000 of insurance there shall be paid a specified annual premium by all persons having attained that age, and that under said provision the Company was obligated to pay only a specified sum less than $1,000; held, that trial court properly overruled a demurrer to the answer, that the sum due was as plead.

Appeal from Circuit Court, Hamlin County.   Hon. WILLIAM N. SKINNER, Judge.

Action by Anna Frese against the Northwestern National Life Insurance Company, a corporation, to recover upon a policy of life insurance.   From an order overruling a demurrer to the answer, plaintiff appeals.   Affirmed.

*M. J. Russell,* for Appellant.

*Loucks, Hasche & Foley,* and *Hanten & Hanten,* for Respondent.

McCOY, J.   Plaintiff as beneficiary under a certain policy of insurance on the life of her deceased husband, brought this

action claiming to recover the sum of $1,200 and interest under the terms of said policy. Defendant, insurance company, admitting the contract of insurance, alleged facts tending to show that under the terms of said policy there was due and owing to plaintiff no more than the sum of $390.16, with interest. To this answer plaintiff interposed a demurrer, on the ground that the allegations contained therein do not constitute a defense to any part of plaintiff's alleged cause of action. From an order overruling said demurrer plaintiff appeals.

The said answer, in substance, alleged that the said policy, among other things, contained the provision that, in consideration of the payment of a premium of $4.95 on the 15th day of June, 1902, and quarterly thereafter during the life of the insured, the said company promised to pay to appellant, upon receipt by it of satisfactory proofs of the death of the insured, the sum of $1,-200 provided the foregoing premium payments fixed were equal to the premium payments fixed in the table of the whole life premiums indorsed and contained on the third page of said policy, at the age attained by the insured, on the date of the execution of said contract of insurance, otherwise such proportionate part of said sum as the premiums actually paid by the insured bear to the premiums, as such attained age, indicated by said table of premiums thereon indorsed, and such payment by said company should be payment in full of such policy; that the insured had attained the age of 54 years at the time of the issuance of said policy; that the table of whole life premiums mentioned and contained in said policy provides that for each $1,000 of insurance there shall be paid the sum of $49.31 annual premium by all persons insured who have attained the age of 54 years and that under and by virtue of this provision of said policy the said insurance company was obligated to pay to the said beneficiary, under and by virtue of the said premiums paid, the sum of 390.16, with interest, and no more. We are of the opinion that the trial court committed no error in overruling said demurrer. We are of the view, considering all the provisions of this policy, that appellant can only recover the sum of $390.16, with interest. N. W. Natl. Life Ins. Co. v. Gray, 161 Fed. 488, 88 C. C. A. 430; Stark v. N. W. Natl. Life Ins. Co. (C. C.) 167 Fed. 191.

The order appealed from is affirmed.