EAKIN, Plaintiff, v. SOUTH DAKOTA STATE CEMENT COMMISSION, et al., Defendants.

(183 N. W. 651.)

(File No. 4934. Opinion filed June 30, 1921.)

1. States—Prohibition—Issuing, Selling, State Cement Commission Bonds, Whether Constitutional, Ex-parte Views of Judges "In Re Opinion of Judges" Not Court Decision, But Advisory.

The ex-parte views of the Judges of the Supreme Court (In Re Opinion of Judges, 43 S. D. 648, 180 N. W. 957) did not amount to a court decision, but were merely advisory in nature and effect, and not binding on this or any other court (following In re Opinion of Judges, 34 S. D. 650, 147 N. W. 729.)

2. Same—Statutes, Title, Sufficiency—Legislative Bill Re State Cement Commission, Whether Lawfully Adopted, Approved, Enrolled Bill Conclusive—State Indebtedness for Constructing Cement Plant, Constitutionality—Limit of State Indebtedness—State Operation of Cement Plant, Whether Taking Property Without Due Process—Eminent Domain, Bonds, State Cement Plant, Whether Taking Private Property for Public Use—Taxation, State Construction of Cement Plant, Whether Taxation Without Peoples Consent—State Cement Plant Statute, Whether Granting Special Privilege—Taxation for State Cement Manufacturing Business, Whether for "Public Purpose"—State Cement Manufactury, Whether Violative of Federal Fourteenth Amendment—Views Re Opinion of Judges Adopted.

The following legal questions and disputations in the present proceeding, are resolved herein by adoption by the Court as holdings thereof of the views of the Judges thereof as expressed in In re Opinion of Judges, 43 S. D. 648, 180 N. W. 957, to-wit: (1) The title to Chap. 324, Laws 1919, is sufficient; (2) that from house to senate journals, and enrolled bill, said Chap. 324 was duly and constitutionally adopted and approved; (3) that the power of the state to acquire lands, etc., and to execute provisions of Sec. 10, Art. 13, Const., in acquiring and operating a state cement plant, and (under Sec. 11) to pledge such cement plant's and state's credit to provide funds for such purpose is by Sec. 11 taken from operation of Sec. 1 re limit of state indebtedness for internal improvements, and also out of operation of Art. 11, Sec. 1, limiting duration of state debt, etc.; (4) that said power of state is not violative of constitution re due process, just compensation, taxation, equality and uniformity, privileges and immunities, taxation, public purposes, aggregate indebtedness under Laws 1919, Chap. 324, and is authorized by Const., Art. 13, Secs. 2, 10 and 11, and is valid as against Art. 6, Secs. 2, 13, 17 and 18, and Art. 13, Sec. 2; (5) that the purpose of said Chap. 324 is a public purpose re taxation thereunder, in view of Const., Art. 11, Sec. 2, and Art. 13, Sec. 10; (6) that said Chap. 324, is not violative of Fourteenth Amendment to Federal Constitution concerning due process and equal protection of laws.

3. State Cement Manufacture—Facts Proven Showing Such Manufacture for a Public Purpose—Cement Products Publicly Procured, People's Necessity; Cement a Publicly Necessary Material; Its Use Increasing; Serious Shortage in Past, and Threatened, Delaying Public, Private, Enterprise; Cement Materials Abundantly Existent in State; No Privately Owned, Operated Cement Plants in or Near State; State Manufacture Conducive to Public Welfare, Etc., Execution of Statute Not Subsersive of Due Process Re Constitution—Writ of Prohibition Denied.

Defendant State Cement Commission under its answer herein, produced evidence supporting its allegations establishing ultimate fact that state manufacture of cement is carrying out of public purpose; and present decision is based upon views expressed in In re Opinion of Judges, 43 S. D. 648, 180 N. W. 957, and on findings of fact filed herein showing cement and products necessary to people, and unprocurable through individual effort; that in construction of highways, etc., cement is a necessary material, its use rapidly increasing everywhere, a serious shortage threatened, interfering with and delaying public and private enterprise, that such materials are abundant within state, that no privately owned and operated plants

exist within or near state border, and that such manufacture and sale is promotive of public welfare, etc., and equality of economic opportunity, and will not deprive plaintiff of his. property without due process; and writ of prohibition is denied.

Application by Edwin K. Eakin, against the South Dakota State Cement Commission, William H. McMaster, Governor of the State of South Dakota and chairman of the South Dakota Cement Commission, Paul E. Bellamy, Secretary-treasurer of said Commission, and Charles M. Harrison, Frank H. Bernard and William J. Scharwood, members of said Commission, for a writ of prohibition prohibiting defendant from issuing and selling state bonds for the purpose of carrying into effect the provisions of Chap. 324, Session Laws of 1919. Writ denied.

C. E. DeLand, for Plaintiff.

Byron S. Payne, Attorney General, and Vernon R. Sickel, Assistant Attorney General, for Defendants.

(2) To points embraced in second head-note to the opinion, Plaintiff cited as follows: Bekker v. White River Valley R. R. Co., 28 S. D. 84, to point that the act embraces more than one subject while but one is expressed in title; Dupree v. Stanley. County, 8 S. D. 30, to point that title fails to express subject of State Tax Commission or its authority.

To point that the purposes of Chap. 324, Laws 1919, do not amount to engaging in "works of internal improvement" within Sec. 1, Art. XIII, Const.; Osborne v. Adams County, 3 Sup. Ct. Repr. 150, 109 U. S. 1; Clark v. City of Janesville, 10 Wis. 136.

To point that construction and operation of a state cement works is unconstitutional as involving taxation for a private purpose; City of Los Angeles v. Lewis, 175 Cal. 777, 167 Pac. 390.

Defendant cited, to point re title of the act: Cessna v. Otho Development & Power Co., (S. D.) 153 N. W. 389; Wheelon v. South Dakota Land Settlement Board (S. D.) 181 N. W. 359. State v. McPherson (S. D.) 139 N. W. 368; Gaare v. Board of Comrs. (Minn.) 97 N. W. 422.

To point that the purposes of said act and taxation thereunder are public: 5 Encyc. of U. S. Sup. Rep. 809 and cases cited; Laughlin v. Portland, (Me.) 90 Atl. 318, 51 L. R. A. (N. S.) 1143; Green v. Frazier (N. D.) 176 N. W. 11, affirmed in 253 U. S. 333, L. ed. 879.

WHITING, J.   Application for writ of prohibition, to pro-hibit defendants from issuing and selling bonds for the purpose of carrying into effect the provisions of chapter 324, Laws 1919—being the law authorizing the creation of a state cement commis-sion and conferring upon it authority to issue bonds to establish, within this state, a plant or plants for the manufacture of cement. Defendants interposed a demurrer to the application for the writ; they also answered alleging facts other than those set forth in plaintiff's application.

[1, 2]   The same questions that are presented to us under this application for writ of prohibition were presented to the judges of this court in a communication from the then Governor of this state, and which questions will be found answered in Re Opinion of Judges, reported in 180 N. W. 957.   Realizing that the ex parte views of the judges, as so given the Governor of this state, did not amount to a decision of the court, but were merely advisory in their nature and effect and not binding upon this or any other court (In re Opinion of Judges, 34 S. D. 650, 147 N. W. 729,) plaintiff instituted the present proceeding seeking a holding of the court adverse to the views expressed in such ex parte communication to the Governor.   Aided, as this court now is, by the able briefs of counsel, we have given this application careful consideration.   This consideration has but confirmed us in the conclusion that the views expressed to the Governor are in all things correct; and we do now adopt such views as the holdings of the court in the present proceedings, and we make reference to such reported views for a statement of same.

[3]   In the light of the conclusion that our former views were correct, we might be warranted in disposing of the present application by merely sustaining defendants' demurrer, basing such a holding—as we did our views in the communication to the Governor—in part upon matters of which we feel that we could properly take judicial notice; but, through an abundance of cau-tion, defendants have seen fit to interpose an answer and to offer evidence in support of the allegations thereof.   By so doing they have proven not only facts of which this court would have taken judicial notice, but other facts, all establishing the ultimate fact that the manufacture of cement, under the conditions existing in the state of South Dakota, is the carrying out of a public pur-

pose.   We therefore base our decision herein upon the law an-
nounced in our communication to the Governor, and upon the
findings of fact which we have filed herein.   These findings are,
briefly:   That cement and its products are commodities that are
necessary to the people of this state; that they cannot be procured
through individual effort; that, in the construction of highways,
bridges, street paving, sidewalks, and public buildings within this
state, cement is a necessary material, and for such construction
there are required more than 1,000 barrels of cement per day;
that cement and cement products are also necessary materials for
the construction of homes and other structures not hereinbefore
referred to; that the use of cement is rapidly increasing in this
state as elsewhere; that a serious shortage in the supply of cement
is threatening the people of this state; that there has been such a
shortage many times during the past two years, and at times
such shortage has interfered with and delayed both public and
private enterprises; that the materials for the making of cement
are found in large quantities and at accessible points within this
state; that gravel, an essential part of cement construction, is
found in abundance and distributed throughout the different
portions of this state, thus making practicable the manufacture
of cement and cement products within this state; that there are
no privately owned and operated cement plants within this state
or within some 175 miles of the borders thereof; and that the
manufacture, distribution, and sale of cement and cement products
by the state will tend to promote the public welfare, prosperity,
and contentment of all the citizens of the state, and will tend to
secure equality of economic opportunity.   It follows, therefore,
that under the holding in Green v. Frazier, 253 U. S. 233, 40
Sup. Ct. 499, 64 L. Ed. 878, the carrying into effect of the statute
before us would not deprive plaintiff of his property without due
process of law; and therefore, for all the reasons stated in that
opinion and by this court in its communication to the Governor,
the writ applied for is denied.